UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO HUBBARD,

    Plaintiff,             Civil Action No. 2:21-CV-11421
v.                             HONORABLE DENISE PAGE HOOD
                               CHIEF UNITED STATES DISTRICT JUDGE
BRALEY, et. al.,

    Defendants,
_____/

## OPINION AND ORDER PARTIALLY DISMISSING THE CIVIL RIGHTS COMPLAINT

### I. Introduction

Before the Court is Plaintiff Antonio Hubbard's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner incarcerated at the Saginaw Correctional Facility in Freeland, Michigan. The Court has reviewed the complaint and now **DISMISSES IT IN PART.**

### II. Standard of Review

Plaintiff was allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

1

(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527,

2

535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. Complaint

On May 14, 2021, plaintiff got into an altercation with another prisoner at the Saginaw Correctional Facility. Plaintiff claims that Defendant Braley, a corrections officer, engaged in excessive force by using a taser on plaintiff's groin and head area. Plaintiff claims that Defendant Braley violated Michigan Department of Corrections (MDOC) policy which authorizes the use of a taser by a prison guard only if an inmate possesses a weapon, which neither plaintiff nor the other inmate possessed. Plaintiff claims he suffered physical injury as a result of being tased. Plaintiff claims he was denied medical and dental care for his injuries. Plaintiff alleges that Defendant Martin, another prison guard, brought plaintiff two unknown pills which Martin claimed were aspirin. Plaintiff claims that as a prison guard, Martin has no authorization to dispense medications. Plaintiff claims that Defendants A. Pratt and ADW (Assistant Deputy Warden) C. Walker, wrongly denied his grievances on the matter. Plaintiff further alleges that ADW Walker should be liable for refusing to discipline the other defendants for engaging in excessive force or denying him medical and dental care.

Plaintiff seeks monetary, declaratory, and injunctive relief.

3

## IV. Discussion

### A. The suit must be dismissed against Defendant Walker for failing to discipline prison personnel.

The complaint must be dismissed against Defendant Walker, the assistant deputy warden, for failing to discipline the various officers for the alleged unconstitutional deprivations.

A supervisory official like Walker cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiffs can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F. 3d 548, 558 (6th Cir. 2002)(quoting *Bellamy v. Bradley,* 729 F. 2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (citing to *Bass v. Robinson,* 167 F. 3d 1041, 1048 (6th Cir. 1999)).

The failure of ADW Walker to take any remedial or disciplinary action against prison personnel for the alleged use of excessive force or the failure to provide medical or dental care did not ratify prison personnel's alleged violations of plaintiff's constitutional rights, so as to permit Defendant Walker to be held

4

liable under the civil rights statute. *See Walker v. Norris*, 917 F.2d 1449, 1457 (6th Cir. 1990). This claim and Defendant Walker are dismissed from the complaint.

### B. The wrongful grievance claim is dismissed.

Plaintiff is not entitled to relief on his claim that Defendants Pratt and Walker wrongly denied his administrative grievances. The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right, in the absence of any allegation that the official was involved in the underlying activity that was challenged in the grievance. *See Grinter v. Knight,* 532 F. 3d 567, 576 (6th Cir. 2008)(the denial of administrative grievances or the failure to act by prison officials does not subject supervisors to liability under § 1983); *Shehee v. Luttrell,* 199 F. 3d 295, 300 (6th Cir. 1999)(prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct); *See also Walker v. Michigan Dept. of Corrections,* 128 F. App'x. 441, 445 (6th Cir. 2005)(state prisoner did not have constitutionally protected due process right to unfettered access to prison grievance procedures, and, consequently, prisoner was not entitled to relief on his claim under § 1983 that he was arbitrarily denied access to prison's grievance procedures due to modified access procedure); *Lee v.*

5

*Michigan Parole Bd.*, 104 F. App'x. 490, 493 (6th Cir. 2004)(absent allegation that chairman of the Michigan Parole Board, director of the Michigan Department of Corrections, or director of the Michigan Bureau of Forensic Mental Health Services were personally involved in or responsible for the alleged violation of state prisoner's constitutional rights, prisoner could not maintain action under § 1983 simply because official denied an administrative grievance or failed to act based upon information contained in a grievance); *Keenan v. Marker,* 23 F. App'x. 405, 407 (6th Cir. 2001)(the wrongful denial of a prison grievance does not violate any federal right, "as there is no inherent constitutional right to an effective prison grievance procedure."); *Bittner v. Wilkinson,* 19 F. App'x. 310, 313 (6th Cir. 2001)(state inmate did not state viable § 1983 claim when he alleged that prison officials denied or disregarded his grievances over alleged incidents in which inmate was assaulted or subjected to retaliation by prison officers). In addition, Michigan law does not create a liberty interest in a prison grievance procedure. *Keenan,* 23 F. App'x. at 407(citing *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)); *See also Proctor v. Applegate,* 661 F. Supp. 2d 743, 767 (E.D. Mich. 2009)(internal citations omitted). This claim and Defendant Pratt are dismissed from the complaint.

    **C. The claim against Defendant Martin is dismissed.**

Plaintiff claims that Defendant Martin gave him aspirin, even though he is not a nurse and not authorized to dispense medication.

The use of an untrained corrections officer to dispense medication does not violate the Eighth Amendment. *See Bickel v. Miller*, 446 F. App'x 409, 412 (3d Cir. 2011). Plaintiff does not allege that Defendant Martin withheld any medication, gave him the wrong medication, or that the medication dispensed caused plaintiff any harm. Accordingly, he is not entitled to relief on this claim. *Id.* Defendant Martin is dismissed from the complaint.

**D.** The case will continue against the remaining defendants.

## V. ORDER

**IT IS ORDERED THAT:**

The civil rights complaint is **DISMISSED IN PART WITH PREJUDICE WITH RESPECT TO DEFENDANTS ADW C. WALKER, CORRECTIONS OFFICER A. PRATT, AND CORRECTIONS OFFICER MARTIN FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. THE REMAINDER OF THE CASE SHALL BE REFERRED TO THE PRISONER MEDIATION PROGRAM.**

s/Denise Page Hood
**United States District Judge**

**Dated: May 26, 2022**