UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTONIO HUBBARD,<br>      Plaintiff,<br>v.<br>BRALEY, *et al.*,<br>      Defendants.<br>_____/ | Case No. 21-11421<br><br>Denise Page Hood<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

### ORDER DENYING WITHOUT PREJUDICE MOTIONS TO APPOINT COUNSEL (ECF Nos. 14, 15)

  This case was referred to the undersigned for all pretrial matters. (ECF No. 31). Before the Court are Plaintiff's identical motions for appointment of counsel. (ECF Nos. 14, 15). In support of the request, Plaintiff states, among other things, that this is a complex case involving several legal claims, this case will require document discovery and depositions, he has limited knowledge of federal law and trial practice, he has limited access to the law library, and his imprisonment limits his ability to litigate. (ECF No. 14, PageID.71-72).

  Under 28 U.S.C. § 1915(e)(1), a federal court may request an attorney to represent an indigent plaintiff. *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). There is no constitutional right to the appointment of counsel in civil cases. *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25–27 (1981). With few exceptions, it is the practice of this Court to consider the appointment of counsel in prisoner

civil rights cases only where exceptional circumstances exist, or in certain cases only after a motion to dismiss or for summary judgment has been decided on the merits of the claims. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) ("It is a privilege that is justified only by exceptional circumstances."). To make the determination whether there are exceptional circumstances to appoint counsel, the Court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success. *Reneer*, 975 F.2d at 261; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995).

Though there are nine defendants here, Plaintiff's remaining claims do not appear exceedingly complex. Also, his filings show he has an adequate understanding of the issues involved, and he has an adequate understanding of litigation. The difficulties a prisoner-litigant may have in preparing the case and conducting discovery "are present in every prisoner civil rights case" and such difficulties do not require the appointment of counsel. *Lafountain v. Martin*, 2009 WL 3255099, at *1 (W.D. Mich. Oct. 5, 2009); *see also Ouellette v. Hills*, 2016 WL 5941829, at *2 (E.D. Mich. Oct. 13, 2016) ("Assistance in conducting discovery does not constitute an exceptional circumstance."). Plaintiff has all the tools of discovery available to him. Should difficulties gaining access to the law

library cause Plaintiff to require more time to file a motion or a response, he may move for an extension of time to do so.

For the reasons stated above, Plaintiff's motions for appointment of counsel (ECF Nos. 14, 15) are **DENIED WITHOUT PREJUDICE**. Plaintiff may refile the motion if circumstances change, such as defeating or succeeding on a dispositive motion.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: January 24, 2023　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on January 24, 2023.

                                            s/Kristen MacKay
                                            Case Manager
                                            (810) 341-7850